UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                        Case No. 16-cr-51-pp

JOHNATHAN PERRY,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S LETTER MOTION TO RULE ON HIS *PRO SE* MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 175)**

      On February 8, 2021, the defendant—incarcerated at the federal penitentiary in Beaumont, Texas and representing himself—filed a two-page motion asking the court to grant him compassionate release under 18 U.S.C. §3582. Dkt. No. 157. Although the plaintiff included an attachment explaining his health conditions and his release plan, dkt. no. 157-1, he did not provide the court with any medical records or other documentation. The court asked Federal Defender Services of Wisconsin whether it would be willing to assist the defendant and supplement his filing. Dkt. No. 158. FDSW responded that it would be filing a supplement on the defendant's behalf as soon as it could. Dkt. No. 159.

      On March 22, 2021, the court received from the plaintiff an update on his situation, explaining that there had been a spike in confirmed cases at Beaumont, with some incarcerated persons being placed on ventilators. Dkt.

1

No. 166. The defendant explained that he himself had tested positive for COVID-19 on November 13, 2020, that he'd had complications and that he'd had no medical treatment. Id. at 1. He expressed concern about the Delta variant of the virus; he also advised the court that he'd been given antibiotics for a throat infection but that he did not have enough of the medication. Id. He asked the court to consider the totality of his circumstances relating to his request for compassionate release, including issues involving his teenaged daughters. Id. at 2.

On April 12, 2021, the court received another document from the defendant, expressing concern that COVID-19 restrictions at Beaumont were preventing him from communicating with his teenaged daughters at a time when they were in crisis. Dkt. No. 167. He asked the court to move forward with his motion for compassionate release. Id. Again, while the defendant made representations to the court, he did not provide any supporting evidence or documentation. Because the court was aware that Federal Defender Services had agreed to supplement the defendant's motion for compassionate release, the court did not rule at that time.

On June 18, 2021, the court received another letter from the defendant. Dkt. No. 174. In this letter, the defendant went into more detail about the situation with his teenaged daughters and his concern for their safety and welfare. Id. at 1. He told the court that while he continued to have concerns about his own health due to the COVID-19 threat, he was even more concerned about his daughters' safety. Id. at 1-2. He asked the court to rule on his

2

compassionate release motion "expeditiously." Id. at 2. This time, the defendant attached to his filing a document verifying some of the information the defendant had shared with the court about one of his daughters. Dkt. No. 174-1.

At this point, the court reached out to Federal Defender Services to ask whether they still intended to file a supplement on the defendant's behalf. Counsel from FDSW responded that he and the defendant planned on filing the supplement either the week of July 12, 2021 or the week of July 19, 2021. Accordingly, the court did not rule on the compassionate release motion.

On October 8, 2021, the court received another letter from the defendant. Dkt. No. 175. In this letter, the defendant said he was enquiring about his motion for compassionate release that "should've been filed over a year ago."[1] Id. at 1. He reported that the number of positive cases at USP Beaumont had increased, that staff refused to wear masks and that the situation with his daughters had deteriorated. Id. at 1-2. The defendant stated that on September 20, 2021, he had spoken with a staff member at FDSW who had told him that FDSW still had not received necessary records from Child Services (presumably relating to his daughters' situation). Id. at 2. The defendant opined that he had provided this court and FDSW "with enough official and/or relevant documents pertaining to [his] conduct and/or accomplishments while in BOP custody, [his] medical and mental health

---

[1] The court received the defendant's original, *pro se* motion for compassionate release in early February 2021—eight months earlier.

records, past and current COVID-19 crisis, and records that reflect[] [his] daughters' [situations] for Your Honor to make a sound judgment in this matter." Id. at 2-3. The defendant again asked the court to make a final ruling on his *pro se* motion for compassionate release. Id. at 3. He attached a September 29, 2021 memo to incarcerated persons from the associate warden at Beaumont, reporting that there were sixty-nine COVID-positive incarcerated persons at the institution. Dkt. No. 175-1.

The court's staff again sent a message to Federal Defender Services to enquire as to the status of any supplement.

On October 12, 2021, the court received another letter from the defendant. Dkt. No. 176. The defendant said that he was enclosing another memorandum he had received from the staff at Beaumont; he said he was enclosing the memorandum to help the court "understand the COVID-19 crisis [the defendant is] facing at USP Beaumont." Id. He asked the court to consider the totality of the circumstances when ruling on his motion. Id. The memorandum he attached, dated October 4, 2021, was from the complex warden, indicating that there were four units in exposure quarantine status and one unit in isolation and advising incarcerated persons of the preventive measures they should take (and those that the facility was taking). Dkt. No. 176-2. The memo also advised incarcerated persons that the COVID-19 vaccine was available at Beaumont and that they could contact the Health Services Unit to ask for one. Id. at 2.

On October 15, 2021, counsel from FDSW responded to the court's inquiry by asking whether the court would allow him until November 4, 2021 to file the supplement to the defendant's *pro se* motion.

While it may seem that way, the court has not been ignoring the defendant. It has received and reviewed the letters that he has filed. It is aware, from the information in the presentence investigation report filed prior to his November 29, 2017 sentencing hearing, that he has significant health issues. But contrary to what the defendant stated in the letter the court received from him on October 8, 2021, he has not provided this court with "official" documents relating to most of what he has written in his motion and his letters. The only "official" document the court has received regarding the situation with the defendants' daughters is the two-page document he attached to the letter the court received in June 2021. Dkt. No. 174-1. The defendant has not provided the court with medical records, or any other records verifying his claims about his daughters' situation. He has not provided the court with information about his behavior or accomplishments while in BOP custody. The court has received nothing from the defendant but a series of letters, some USP Beaumont memos and the one document relating to one of his daughters.

The court is not accusing the defendant of lying or making things up. But the court has received many, many compassionate release motions over the last twenty months. Most came from persons incarcerated in facilities that had COVID-19 outbreaks. Most came from incarcerated persons who had, or claimed to have, underlying medical conditions. Many came from incarcerated

5

Case 2:16-cr-00051-PP    Filed 10/15/21    Page 5 of 7    Document 177

persons who expressed concern about the health or safety of family members. Every one of those incarcerated persons maintained that he should be released immediately, that his life was in danger and that he was an appropriate candidate for compassionate release. The court denied many of those motions, often because there was no evidence to support the incarcerated person's claims.

This is why the court has been waiting on a supplemental filing from FDSW—because the court has almost *no* official documentation or information supporting the plaintiff's claims. The BOP web site indicates that currently there are only four COVID-positive inmates at USP Beaumont (and ten COVID-positive staff), and that 3,097 of the persons incarcerated at FCC Beaumont (the complex that includes the low security FCI Beaumont, the medium security FCI Beaumont and the penitentiary) have been fully vaccinated. https://www.bop.gov/coronavirus/. These facts do not necessarily mean that the court would deny the defendant's motion; the court understands that vaccinated people (and people who've had the virus already, as the defendant did) still can be infected. The court also understands that the plaintiff has alleged that he has a family situation which might constitute an extraordinary and compelling basis for release. But the court needs more information to be able to assess the defendant's claims. That is where FDSW comes in.

The court understands that the defendant is frustrated. The court received his two-page compassionate release motion over eight months ago. He alleges that his daughters' situation has deteriorated in that time. He wants the

6

Case 2:16-cr-00051-PP    Filed 10/15/21    Page 6 of 7    Document 177

court to act now. But if the court acts now, the court will be forced to act on very little information, which may result in the court making a ruling that is uninformed and that does not address the realities of the defendant's situation.

The court is going to deny without prejudice the defendant's request that the court rule now on his *pro se* motion. "Without prejudice" means that if FDSW does not file a supplement in the next thirty days or so, the defendant may renew his request for the court to rule on the *pro se* motion without waiting for the supplement. But for now, with defense counsel asking leave to have until November 4, 2021 to file the supplement, the court believes it in the defendant's best interest to wait and see if FDSW files a supplement.

The court **DENIES WITHOUT PREJUDICE** the defendant's letter request to rule on his *pro se* motion for compassionate release. Dkt. No. 175.

Dated in Milwaukee, Wisconsin this 15th day of October, 2021.

                                     **BY THE COURT:**

                                     **HON. PAMELA PEPPER**
                                     **Chief United States District Judge**